# STATE OF TENNESSEE
# CHEATHAM COUNTY
# JUDICIAL DISTRICT

☒ First
☐ Alias
☐ Pluries

**FILED**

Luan Veselaj

CIVIL ACTION DOCKET NO. **6880**

FEB 0 5 2024

Holly Waller
Circuit Court Clerk

Plaintiff

**Method of Service:**
☐ County Sheriff
☐ Out of County Sheriff
☐ Secretary of State
☒ Certified Mail
☐ Personal Service
☐ Commissioner of Insurance

Vs.

Amazon Logistics, Inc.

RA: Corporation Service Company

2908 Poston Avenue

Nashville, TN 37203

Defendant

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Cheatham County Circuit Court 100 Public Square, Suite 225 Ashland City, TN 37015 and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 2/5/24

**Cheatham**
Circuit Court Clerk
County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF Or PLAINTIFF'S ADDRESS | Evan Vineyard w/ Hughes and Coleman |
|---|---|
| | 622 West 7th Street |
| | Address |
| | Columbia, TN 38401 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**Cheatham**
County Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

**SHERIFF**

♿ If you have a disability and require assistance, please contact the clerk.

Exhibit 1

# RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I:

☐ served this summons and complaint/petition on _____

_____ in the following manner:

_____

☐ failed to serve this summons within 30 days after its issuance because _____

_____

_____

                                                                        Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20_____ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the compliant in Docket No. _____ to the defendant, _____. On the _____ day of _____ 20_____, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20 ____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS

_____ DAY OF _____, 20_____.

_____

PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON AUTHORIZED BY STATUTE TO SERVE PROCESS

_____NOTARY PUBLIC or _____DEPUTY CLERK

MY COMMISSION EXPIRES: _____

## NOTICE

TO THE DEFENDANT(S):

    Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF CHEATHAM

I, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

                Holly Waller, CLERK

(To be completed only if
copy certification required.)

# IN THE CIRCUIT COURT FOR CHEATHAM COUNTY, TENNESSEE

| | |
|---|---|
| LUAN VESALEJ, | ) |
| Plaintiff, | ) Docket No. 6880 |
| v. | ) |
| | ) Jury Demanded |
| HARMINDER BRAR and | ) FILED |
| AMAZON LOGISTICS INC., | ) |
| Defendants. | ) FEB 0 5 2024 |

## COMPLAINT

Holly Waller
Circuit Court Clerk

**COMES NOW**, Plaintiff, Luan Veselaj, by and through undersigned counsel, and brings this action against Defendants, Harminder Brar and Amazon Logistics Inc., and for his causes of action would show unto this Honorable Court as follows:

### PARTIES

1. Plaintiff Luan Veselaj (hereinafter "Plaintiff") is a resident of Fort Worth Texas.

2. Defendant Amazon Logistics Inc., (hereinafter "Defendant Owner"), is a corporation located in Deleware and doing business in the state of Tennessee and may be served with process through its registered agent Corporation Service Company 2908 Poston Ave. Nashville, TN 37203.

3. Defendant Harminder Brar (hereinafter "Defendant Driver") is a resident of Fresno, California and may be served with process at her place of residence 2107 S. Larkin Ave, Fresno, California 93727; or wherever she may be found.

4. At all times relevant to this Complaint, Defendant Driver was employed as a professional driver for Defendant Owner and was operating a dump truck behalf of, and for the benefit of, that employer.

5. At all times relevant to this complaint, and upon information and belief, Defendant Owner

was the registered owner of the vehicle Defendant Driver was operating and pursuant to T.C.A. §55-10-311 and by virtue of T.C.A. §55-10-312 is presumed, *prima facie*, to have permitted the vehicle to be operated for the owner's use and benefit by Defendant Driver and is therefore a proper party to this action.

## JURISDICTION AND VENUE

6. Plaintiff's causes of action arise in tort under and by virtue of the laws of the State of Tennessee for the damages sustained as a result of a motor vehicle collision that occurred March 1, 2023, in the parking lot of the Petro Truck Stop near the entrance ramp to Interstate 40 east near mile marker 188 in Cheatham County, Tennessee.

7. Subject matter jurisdiction over this action is proper pursuant to T.C.A. §16-10-101.

8. Venue for a trial on the merits in Cheatham County, Tennessee, is proper in part by virtue of T.C.A. §20-4-101, *et seq*.

## FACTUAL ALLEGATIONS

9. At all times relevant to this complaint, Plaintiff's vehicle was lawfully parked in a parking spot in the Petro Truck Stop located near Mile Marker 188 along Interstate 40 east at mile marker 188.

10. At all times relevant to this complaint, Plaintiff was occupying the sleeper portion of his vehicle.

11. On the date and time of the incident Defendant Driver was pulling trailer for Defendant Owner.

12. At all times relevant to this complaint, Defendant Harminder Brar attempting to pull into a

parking spot in the same Petro Truck Stop located next to Plaintiff's vehicle.

13. The trailer being pulled by Defendant Driver struck the front of Plaintiff's vehicle causing Plaintiff to fall from his sleeper position.

14. Defendant Driver was at fault for the wreck.

15. As a result of the collision, Plaintiff suffered injuries and damages, the extent of which are more fully explained in ¶ 37 below.

16. Defendant Owner failed to provide effective safety training to its drivers, including Defendant Driver, prior to starting their job duties.

17. Defendant Owner failed to employ effective policies and procedures to ensure the safe operation of its vehicles while on the road.

## DEFENDANTS' ACTS OF NEGLIGENCE AND STATUTORY VIOLATIONS

18. Plaintiff hereby restates and reaffirms the preceding paragraphs as if fully set forth herein.

19. At the time of the motor vehicle crash, which is the subject of this action, Defendant Driver failed to exercise due care by operating his vehicle in a negligent manner and disregarding the actual and potential hazards then existing.

20. Defendant Driver was guilty of the following acts of common law negligence, in that he failed to:

    a. maintain the vehicle under proper and reasonable control;

    b. failed to keep a proper lookout in the direction in which she was traveling;

    c. drive in a reasonable and prudent manner with regard for the control of the vehicle and traffic conditions on the roadway/parking lot; and

    d. see that which was there to be seen and take proper action with respect thereto.

21. Defendant Driver was negligent in violating the following statutes of the State of Tennessee

Exhibit 1

which were in full force and effect at the time and place of the collision, constituting negligence *per se*:

   a. T. C. A. § 55-8-136(b): Driver to Exercise Due Care;

   b. T.C.A. § 55-10-205: Reckless Driving.

22. Each of the statutes above were enacted to protect the public from unsafe drivers and to prevent injuries such as those suffered by Plaintiff.

23. Defendant Driver violated each of the above statutes.

24. Defendant Driver's violations of the statutes singularly, or in combination, directly and proximately caused the March 1, 2023, collision and Plaintiff's resulting injuries and damages.

25. Defendant Driver was the agent, servant, and/or employee of Defendant Owner and was acting within the course and scope of said agency, servitude, and/or employment at the time of the collision. Defendant Owner is vicariously liable under the doctrine of *Respondeat Superior* for the negligence of Defendant Driver and the Plaintiff's injuries and damages.

26. Defendant Owner was the employer, principal, and/or master of Defendant Driver at the time of the collision.

27. Defendant Owner negligently entrusted the vehicle to Defendant Driver.

28. Defendant Owner had a duty to Plaintiff to take reasonable measures to:

   a. Ensure that it hired employee drivers capable of safely operating its vehicles;

   b. Train its employee drivers on safe driving prior to allowing them to begin their job duties;

   c. Supervise its employee drivers;

   d. Prevent its employees from engaging in unsafe driving of its vehicles; and

Exhibit 1

  e.  Take corrective action when it knew or should have known that an employee engaged in unsafe driving.

29. Defendant Owner's breaches of the duties owed to Plaintiff directly and proximately caused the March 1, 2023 collision and Plaintiff's resulting injuries and damages.

30. Defendant Owner was negligent in the hiring, training, and supervision of Defendant Driver thereby directly and proximately causing the March 1, 2023 collision and Plaintiff's resulting injuries and damages.

## CAUSATION

31. Plaintiff hereby restates and reaffirms the preceding paragraphs as if fully set forth herein.

32. Defendants owed a duty of safe, careful and lawful driving to Plaintiff but breached that duty and was negligent on the date of the collision.

33. The negligence of Defendant Driver as set forth above directly and proximately caused the collision and resulted in injuries to Plaintiff and the damages and losses here sought by Plaintiff.

34. As a direct and proximate result of the negligence of the Defendants, Plaintiff suffered serious, disabling, painful and permanent bodily injuries and mental anguish, causing Plaintiff to become liable for medical and other expenses and to suffer bodily impairment and mental anguish.

35. As a direct and proximate result and cause in fact of the negligence of Defendant Driver and the direct, vicarious, and/or imputed negligence of Defendant Owner, Plaintiff suffered serious, disabling, painful, and permanent bodily injuries, causing Plaintiff to become liable for medical and other expenses and to suffer bodily impairment.

## INJURIES AND DAMAGES

Case 3:24-cv-00449 Document 1-2 Filed 04/12/24 Page 7 of 19 PageID #: 12

Exhibit 1

36. Plaintiff hereby restates and reaffirms the preceding paragraphs as if fully set forth herein.

37. As a direct and proximate result of the Defendants' negligence, Plaintiff is entitled to damages, including but not limited to the following specific items of damages:

   a. Physical pain, both past and future;

   b. Emotional suffering and grief, both past and future;

   c. Health care expenses, both past and future;

   d. Loss of enjoyment of life;

   e. Permanent impairment and partial disability;

   f. Costs of this cause; and

   g. All other general damages and other relief allowed under the laws of the State of Tennessee to which Plaintiff may be entitled.

## RELIEF SOUGHT

WHEREFORE, PLAINTIFF PRAYS:

1. For proper service to be effectuated upon Defendants;

2. For a money judgment against Defendants individually and/or jointly and severally awardable to Plaintiff, for compensatory damages in an amount not to exceed One Million Dollars ($1,000,000);

3. For a trial of this matter by a jury of twelve;

4. For costs of this matter to be taxed to Defendants; and

5. For such other, further and general relief to which Plaintiff may be entitled under the law.

Exhibit 1

Respectfully Submitted,

**HUGHES & COLEMAN, PLLC**

_/s/ Evan C. Vineyard_
Evan C. Vineyard, BPR # 036971
622 West 7th Street
Columbia, TN 38401
Tel. (931) 981-6915
evineyard@hughesandcoleman.com
*Attorney for Plaintiff*

IN THE CIRCUIT COURT FOR CHEATHAM COUNTY, TENNESSEE
FOR THE TWENTY-THIRD JUDICIAL DISTRICT AT ASHLAND

| | |
|---|---|
| LUAN VESALEJ | ) |
| *Plaintiff,* | ) |
| v. | ) Civil Action No. 6880 |
| HARMINDER BRAR and AMAZON LOGISTICS, INC. | ) |
| *Defendants.* | ) |

## AMAZON LOGISTICS, INC.'S
## FIRST REQUEST FOR ADMISSION

Defendant, Amazon Logistics, Inc., ("Defendant"), hereby serves its first Request for Admission to Plaintiff, to be answered within thirty (30) days:

**REQUEST NO. 1**: Admit that Plaintiff intends to seek from Defendant, at trial, a sum in excess of $75,000.00, exclusive of costs and interests, for the claims asserted in this action.

**RESPONSE**: **Admit.**

Respectfully submitted,

*[signature]*

Evan C. Vineyard (#036971)
Hughes & Coleman, PLLC
evineyard@hughes@coleman.com
*Counsel for Plaintiff*
931-981-6915

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing was served upon the following parties on March 15, 2024:

Lynsie Gaddis Rust (#34871)
D. Craig Lamb (#039901)
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
100 Mallard Creek Road, Suite 250
Louisville, KY 40207
lynsie.rust@wilsonelser.com
craig.lamb@wilsonelser.com

Harminder Brar
2107 S. Larkin Avenue
Fresno, California 93727

                                                  /s/ Evan C. Vineyard
                                                  Evan C. Vineyard

IN THE CHEATHAM CIRCUIT COURT
FOR THE TWENTY THIRD JUDICIAL DISTRICT OF TENNESSEE
AT ASHLAND

| | | |
|---|---|---|
| LUAN VESALEJ | ) | |
| | ) | |
| *Plaintiff,* | ) | **FILED** |
| | ) | |
| v. | ) Civil Action No. 6880 | APR 1 2 2024 |
| | ) | |
| HARMINDER BRAR and | ) | Holly Waller |
| AMAZON LOGISTICS, INC., | ) | Circuit Court Clerk |
| | ) | |
| *Defendants.* | ) | |

## ANSWER OF AMAZON LOGSTICS, INC.

Defendant, Amazon Logistics, Inc., ("Amazon"), for its' Answer to the Plaintiff's Complaint, states:

1. Amazon is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Plaintiff's Complaint, and therefore, denies those allegations.

2. In response to paragraph 2 of Plaintiff's Complaint, Amazon admits that it is a Delaware corporation with a principal place of business in Washington and may be served through Corporation Service Company in Nashville, Tennessee. Amazon specifically denies and refutes Plaintiff's characterization of Amazon as "Defendant Owner".

3. Amazon is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Plaintiff's Complaint, and therefore, denies those allegations.

4. Amazon denies the allegations contained in paragraph 4 of the Plaintiff's Complaint.

1

291535640v.1

RECEIVED Case 3:24-cv-00449 NO.3337 Document 1-2 04/12/2024 Fri 08:41AM Filed 04/12/24 Page 12 of 19 PageID #: 17 Exhibit 1

5.　　Amazon denies the allegations contained in paragraph 4 of the Plaintiff's Complaint

6.　　Amazon is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Plaintiff's Complaint, and therefore, denies those allegations.

7.　　The allegations contained in paragraph 7 of the Plaintiff's Complaint state pure legal conclusions, to which no response is necessary. To the extent a response is required, Amazon denies those allegations.

8.　　The allegations contained in paragraph 8 of the Plaintiff's Complaint state pure legal conclusions, to which no response is necessary. To the extent a response is required, Amazon denies those allegations.

9.　　Amazon is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Plaintiff's Complaint, and therefore, denies those allegations.

10.　　Amazon is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Plaintiff's Complaint, and therefore, denies those allegations.

11.　　Amazon denies the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.　　Amazon is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Plaintiff's Complaint, and therefore, denies those allegations.

2

291535640v.1

RECEIVED: NO.3337　Case 3:24-cv-00449　Document 1-2　04/12/2024/FRI 08:41AM　Filed 04/12/24　Page 13 of 19 PageID #: 18
Exhibit 1

13. Amazon is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Plaintiff's Complaint, and therefore, denies those allegations.

14. The allegations contained in paragraph 14 of the Plaintiff's Complaint state pure legal conclusions, to which no response is necessary. To the extent a response is required, Amazon denies those allegations.

15. The allegations contained in paragraph 15 of the Plaintiff's Complaint state pure legal conclusions, to which no response is necessary. To the extent a response is required, Amazon denies same.

16. Amazon denies the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17. Amazon denies the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18. The allegations contained in paragraph 18 of the Plaintiff's Complaint are not directed at Amazon and no response is necessary. To the extent a response is required, Amazon denies same.

19. The allegations contained in paragraph 19 of the Plaintiff's Complaint state pure legal conclusions, to which no response is necessary. To the extent a response is required, Amazon denies same.

20. The allegations contained in paragraph 20, and all subparts thereto, of the Plaintiff's Complaint state pure legal conclusions, to which no response is necessary. To the extent a response is required, Amazon denies same.

21. The allegations contained in paragraph 21, and all subparts thereto, of the Plaintiff's Complaint state pure legal conclusions, to which no response is necessary. To the extent a response is required, Amazon denies same.

22. The allegations contained in paragraph 22 of the Plaintiff's Complaint state pure legal conclusions, to which no response is necessary. To the extent a response is required, Amazon denies same.

23. The allegations contained in paragraph 23 of the Plaintiff's Complaint state pure legal conclusions, to which no response is necessary. To the extent a response is required, Amazon denies same.

24. The allegations contained in paragraph 24 of the Plaintiff's Complaint state pure legal conclusions, to which no response is necessary. To the extent a response is required, Amazon denies same.

25. Amazon denies the allegations contained in paragraph 25 of the Plaintiff's Complaint.

26. Amazon denies the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27. Amazon denies the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28. The allegations contained in paragraph 28 of the Plaintiff's Complaint, and all subparts thereto, state pure legal conclusions, to which no response is necessary. To the extent a response is required, Amazon denies same.

29. Amazon denies the allegations contained in paragraph 29 of the Plaintiff's Complaint.

30. Amazon denies the allegations contained in paragraph 30 of the Plaintiff's Complaint.

31. The allegations contained in paragraph 31 of the Plaintiff's Complaint are not directed at Amazon and no response is necessary. To the extent a response is required, Amazon denies same.

32. The allegations contained in paragraph 32 of the Plaintiff's Complaint state pure legal conclusions, to which no response is necessary. To the extent a response is required, Amazon denies same.

33. The allegations contained in paragraph 33 of the Plaintiff's Complaint state pure legal conclusions, to which no response is necessary. To the extent a response is required, Amazon denies same.

34. Amazon denies the allegations contained in paragraph 34 of the Plaintiff's Complaint.

35. Amazon denies the allegations contained in paragraph 35 of the Plaintiff's Complaint.

36. The allegations contained in paragraph 36 of the Plaintiff's Complaint are not directed at Amazon and no response is necessary. To the extent a response is required, Amazon denies same.

37. Amazon denies the allegations contained in paragraph 37 of the Plaintiff's Complaint.

38. The remaining allegations constitute a prayer for relief and no response is necessary of Amazon. To the extent that a response is required, Amazon denies that Plaintiff is entitled to the relief requested.

5

291535640v.1

RECEIVED: Case 3:24-cv-00449   Document 1-2   Filed 04/12/24   Page 16 of 19 PageID #: 21
NO.3337                        04/12/2024/FRI 08:41AM                    Exhibit 1

39. Any allegation not expressly admitted herein and contained in Plaintiff's Complaint is denied.

**FIRST DEFENSE**

All or part of Plaintiff's Complaint fails to state a claim against Amazon upon which relief can be granted, pursuant to Tennessee Rule of Civil Procedure 12.02(b), and, therefore, should be dismissed.

**SECOND DEFENSE**

Amazon contends that Plaintiff failed to exercise ordinary, reasonable care for her own safety and that Plaintiff's negligence was the proximate cause of the injuries and damages alleged in Plaintiffs' Complaint. Therefore, Plaintiff is not entitled to recover from Amazon in any sum whatsoever.

**THIRD DEFENSE**

Amazon pleads that any money Plaintiff recovers from any other source for alleged injuries and/or damages, if any, should be an offset to any judgment rendered against Amazon, if any.

**FOURTH DEFENSE**

Plaintiff has an obligation to mitigate her damages. To the extent Plaintiff has not done so, Amazon is entitled to a credit or setoff against any amount awarded to the Plaintiff in the amount of the damages that could have been reasonably avoided by Plaintiff.

**FIFTH DEFENSE**

Amazon shows that discovery is ongoing and incomplete and, therefore, Amazon reserves the right to amend this Answer as may be warranted by further discovery and investigation, and to assert counterclaims, crossclaims, and third-party claims in the future.

**WHEREFORE**, for the foregoing reasons, Defendant, Amazon Logistics, respectfully request the following relief:

1. Dismissal of Plaintiff's Complaint, with prejudice;

2. Its costs herein expended, including a reasonable attorney's fee;

3. Trial by jury; and

4. Any and all other relief to which Amazon may reasonably appear to be entitled.

Respectfully submitted,

Lynsie Gaddis Rust (#34871)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 Mallard Creek Road, Suite 250
Louisville, Kentucky 40207
Phone: (502) 238-8500
Email: lynsie.rust@wilsonelser.com
*Counsel for Amazon Logistics, Inc.*

*/s/ D. Craig Lamb*
D. Craig Lamb (#039901)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
3102 West End Avenue, Suite 400
Nashville, Tennessee 37203
Phone: (502) 434-5003
Email: craig.lamb@wilsonelser.com
*Counsel for Amazon Logistics, Inc.*

7

291535640v.1

RECEIVE: Case 3:24-cv-00449    Document 1-2    Filed 04/12/24    Page 18 of 19 PageID #: 23
NO.3337                        04/12/2024/FRI 08:41AM                          Exhibit 1

## CERTIFICATE OF SERVICE

     I hereby certify that the foregoing was filed with the Cheatham Circuit Court Clerk on April 12, 2024, and a true and accurate copy of same was sent via electronic mail to counsel of record and via United States Postal Service to the Defendants who have not yet entered appearance:

Evan C. Vineyard (BRP 036971)
622 West 7th Street
Columbia, TN 38401
evineyard@hughesandcoleman.com
*Counsel for Plaintiff*

Harminder Brar
2107 S. Larkin Avenue
Fresno, California 93727
*Defendant*

*/s/ D. Craig Lamb*
Counsel for Defendant,
Amazon Logistics, Inc.